Eastern District of Kentucky
FILED
FEB 2 8 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-203-GWU

ELIZABETH HAYNES,                                                 PLAINTIFF,

VS:                                MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,             DEFENDANT,

## INTRODUCTION

Elizabeth Haynes brought this action to obtain judicial review of the unfavorable portion of the administrative decision on her applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Haynes, a 52 year-old former restaurant/grocery store clerk and waitress with a "limited" education, was totally disabled by "severe" impairments for the time period after February 1, 2002. (Tr. 17, 25). With regard to the time period between the plaintiff's alleged onset date of May 5, 2001 and January 31, 2002, the ALJ determined that she did not suffer from a "severe" impairment. (Tr. 24). Therefore, the claimant could not qualify for Social Security benefits during this time period. The plaintiff appeals the unfavorable portion of the decision on his eligibility for Social Security benefits prior to February 1, 2002.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly determined that Haynes did not suffer from a "severe" physical impairment during the time period between May 5, 2001 and January

5

31, 2002. The plaintiff was examined by Dr. Mark Burns in October of 2001. Dr. Burns indicated that the claimant's physical examination results were within normal limits and that he found no restriction with regard to her ability to sit, stand, move about, lift, carry, handle objects, hear, see, speak or travel. (Tr. 153). Dr. James Ross (Tr. 441) and Dr. Sudideb Mukherjee (Tr. 443), the non-examining medical reviewers, each opined that the claimant did not suffer from a "severe" physical impairment during the relevant time frame. Such treating and examining sources as the staff at the Prime Time Clinic (Tr. 147-149) and the staff at Appalachian Regional Healthcare (Tr. 494-510, 538-543) did not identify the existence of physical limitations which would contradict the ALJ's finding during this time period. Despite complaints of hip and knee pain in October of 2001 (Tr. 539), x-rays revealed no abnormalities (Tr. 494). These reports provide substantial evidence to support the administrative decision with regard to Haynes' physical condition.

Dr. Anantha Krishna, a treating source for Haynes' heart problems, opined in February of 2003 that as a result of her coronary artery disease and angina, the plaintiff was totally disabled. (Tr. 485). This opinion was issued well after the February 1, 2002 disability onset date found by the ALJ and does not necessarily "relate back" to the pertinent time period. In determining Haynes' onset date, the ALJ was not required to present evidence which would eliminate every other potential onset date but only establish that substantial evidence supported the chosen onset date. Blankenship v. Bowen, 874 F.2d 1116, 1121 (6th Cir. 1987). In the present action, the record reveals that the heart problems which supported the ALJ's finding that the plaintiff was disabled after January 31, 2002 first manifested themselves in February, 2002 and, so, the ALJ's finding was reasonable.

6

The ALJ also properly determined that Haynes did not suffer from a "severe" mental impairment during the relevant time period. Dr. Robert Eardley examined the plaintiff in November of 2001 and did not identify specific mental restrictions. (Tr. 155-159). Neither Edward Stodola (Tr. 446) nor Ilze Sillers (Tr. 461), the non-examining medical reviewers, thought that the claimant suffered from a "severe" mental impairment. The plaintiff did not seek treatment at the Cumberland River Comprehensive Care Center until after the pertinent time period. (Tr. 258-268). Therefore, the ALJ properly determined that Haynes did not suffer from a "severe" mental impairment.

Even if the ALJ erred in finding that Haynes did not suffer from a "severe" mental or physical restriction during the relevant time period, an alternative ground exists to support the administrative decision. During the administrative hearing, the ALJ presented a hypothetical question to Vocational Expert William Ellis including an exertional limitation to light level work along with such non-exertional restrictions as (1) an inability to climb ladders, ropes, or scaffolds; (2) a need to avoid exposure to unprotected heights and dangerous or moving machinery; and (3) mentally limited to "borderline" functioning. (Tr. 628-629). The witness indicated that such a person would be able to return to plaintiff's past relevant work as well as perform a significant number of other jobs in the national economy. (Tr. 629). The medical record for the relevant period certainly does not indicate the existence of more severe physical or mental limitations than were presented in this question. Therefore, any error on the part of the ALJ in determining that the claimant's impairments were not "severe" between May 5, 2001 and January 31, 2002 was harmless.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment

7

motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___18___ day of February, 2006.

*[signature]*
G. WIX UNTHANK
SENIOR JUDGE